**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEREESE BLOSE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>~~E&M PROPERTY MANAGEMENT, LLC,~~ 145-153 EDGECOMBE HOLDINGS, LLC~~,~~ and ARBOR REALTY SR, INC.<br><br>Defendants. | Case No. 1:25-cv-00860-JAV<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cereese Blose ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendants ~~E&M Property Management, LLC,~~ 145-153 Edgecomb Holdings, LLC~~,~~ and Arbor Realty SR, Inc. (collectively, "Defendants").

**NATURE OF THE ACTION**

1. Defendants are real estate management, development companies, and/or landlords.

2. This case seeks redress for Defendants' failure to "deposit [renters' security deposits] in an interest-bearing account" and "pay over to [the] tenant such interest as … [was] collect[ed] at the date of such lease termination." N.Y. Gen. Oblig. § 7-103(2)-(a).

3. New York General Obligations Law § 7-103 creates a duty for ~~landlords such as~~ Defendants to place ~~renters'~~ tenants' security deposits into an interest-bearing account for the leasehold term and to return all but 1% of the accrued interest to the renter:

> [A] person receiving money … deposited or advanced [on a contract … for the use or rental of real property as security] shall deposit such money in a banking organization[.]
>
> …
>
> Whenever the money so deposited or advanced is for the rental of property containing six or more family dwelling units, ***the person receiving such money shall, subject to the provisions of this section, deposit it in an interest bearing account in a banking organization within the state which account shall earn interest at a rate which shall be the prevailing rate earned by other such deposits made with banking organizations in such area.***

N.Y. Gen. Oblig. Law § 7-103 (McKinney) (emphasis added). Notably, the statute does not specify that landlords are the only responsible party for "deposit[ing] [security payments] in an interest baring account." *Id*.

4. Thus, according to New York law, ~~landlords of~~ persons responsible for residential apartments containing six or more family dwelling units must place such deposits into an interest-bearing account. The balance of the interest earned on the deposit at the end of the lease "shall be the money of the person making the deposit or advance." *Id.* Thus, since Plaintiff and Class and Subclass members were the persons making the deposit or advance and Defendants are the persons that held the deposits in trust, Defendants are required to pay the balance of the interests to Plaintiff and Class and Subclass members.

5. Any lease provision that purports to exempt the landlord from this duty is void.[1]

6. Additionally, a separate law mandates that security deposits for rent stabilized units "be deposited in an interest-bearing account." *Middleton v. Ralph Ave Assocs. Phase II, LLC*, 29 Misc. 3d 836, 839, 910 N.Y.S.2d 848, 850 (Civ. Ct. 2010) (*citing* N.Y. Comp. Codes R. & Regs. tit. 9, § 2525.4(a)).

---

[1] Section 3 of N.Y. Gen. Oblig. Law § 7-103 states: "[a]ny provision of such a contract or agreement whereby a person who so deposits or advances money waives any provision of this section is absolutely void."

2

7. In flagrant violation of New York law, Defendants failed to place security deposits in an account that accumulated interest at the "prevailing rate earned by other such deposits made with banking organizations in such area" and failed to return the interest accrued on renters' deposits to tenants. N.Y. Gen. Oblig. Law § 7-103.

8. Plaintiff is an individual who entered into a residential lease agreement with Defendants, and who asserts claims on behalf of herself and similarly situated renters for Defendants' violation of N.Y. Gen. Oblig. Law § 7-103, violation of N.Y. Gen. Bus. Law § 349, violation of N.Y. Gen. Bus. Law § 350, breach of contract, unjust enrichment, and for declaratory judgment.

## PARTIES

9. Plaintiff Cereese Blose is and has been at all relevant times a resident of New York, New York with an intent to remain there. Ms. Blose is therefore a citizen of New York.

10. In or around October 2022, Ms. Blose signed a lease to rent an apartment unit from Defendants located at 145 Edgecombe Avenue, New York, New York 10030 for $2,095.00 per month. The initial lease was scheduled to end on September 30, 2023. 145 Edgecombe Ave. is a residential rental building with 22 units.[2]

11. Ms. Blose co-rented the apartment from Defendants with her partner.

12. Ms. Blose and her partner paid a security deposit totaling $2,095 to Defendants.

13. Ms. Blose ultimately moved out in or around September 2023.

14. On October 12, 2023, Ms. Blose and her husband emailed Defendants confirming that they had moved out and requested that Defendants return their security deposit. Ms. Blose and her co-tenant did so to ensure the timely return of their security deposit and seek the interest

---

[2] https://streeteasy.com/building/145-edgecombe-avenue-new_york.

3

it had accrued throughout the duration of their lease.

15. On October 18, 2023, Ms. Blose and her husband, having still not received their security deposit, submitted a Rent Security Complaint Form to the Office of the Attorney General detailing Defendants' failure to return rent security deposit and pay interest on security deposits despite the fact that New York regulations required the security deposit to be placed in an interest bearing account for three years.

16. Defendants ultimately returned Ms. Blose's security deposit in or around October 2023 without any accrued interest even though New York regulations required the security deposit to be placed in an interest bearing account.

17. This occurred despite the fact that the prevailing interest rates were much higher than 1% during the pendency of Plaintiff's lease. In fact, in October 2023, at the time that Defendants returned Plaintiff's security deposit, the Federal Reserve's federal funds effective rate was 5.33%. While the Federal Reserve's federal funds effect rate does not necessarily imply that private and state-chartered institutions in any locale will reflect its exact rates, "[t]he federal funds rate is a benchmark for many other private market interest rates." *TNB USA Inc. v. Fed. Rsrv. Bank of New York*, 2020 WL 1445806, at *1 (S.D.N.Y. Mar. 25, 2020) (internal citations omitted). *See id.* ("The Federal Reserve requires that depository institutions maintain a minimum amount of reserves against certain of their liabilities ("required reserves"). … (citing 12 U.S.C. § 461; 12 C.F.R. pt. 204). "However, depository institutions may elect to maintain reserves beyond the required amount, which are referred to as excess reserves." … The rate at which depository institutions lend excess reserves to one another overnight is known as the federal funds rate. … The federal funds rate is a benchmark for many other private market interest rates.") (internal citations omitted).

4

~~18.    Defendant E&M Property Management, LLC ("E&M") is a New York limited liability company with its principal place of business in Brooklyn, New York. E&M owns and/or manages thousands of residential apartments throughout the New York City metropolitan area.~~

~~19.~~18.    Defendant 143-153 Edgecomb Holdings, LLC is a Delaware limited liability company with its principal place of business in Brooklyn, New York. 143-153 Edgecomb Holdings, LLC was the owner of 145 Edgecombe Ave. New York, New York 10030 from 2013 until approximately April 2024.

~~20.~~19.    Defendant Arbor Realty SR, Inc. ("Arbor") is a Maryland corporation with its principal place of business in Baltimore, Maryland.  During at least a portion of the pendency of Plaintiff's lease, Arbor Realty SR, Inc. was assigned the benefits of "leases and rents" of 145 Edgecombe Avenue, and delegated the duties of the same.  The duties that Defendant Arbor was delegated included the statutory duty to deposit Plaintiff's security deposit "in an interest bearing account in a banking organization within the state which account shall earn interest at a rate which shall be the prevailing rate earned by other such deposits made with banking organizations in such area."  N.Y. Gen. Oblig. Law § 7-103.

~~21.~~20.    Each of the Defendants acted jointly to perpetrate the acts described herein.  At all times relevant to the allegations in this matter, each of these Defendants acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

~~22.~~21.    Defendants represent themselves ~~to be~~as the owners and/or managers of 145 Edgecombe Avenue, New York, New York 10030.

~~23.    On StreetEasy, E&M Management is listed as the management team of 145~~

~~Edgecombe Avenue, New York, New York 10030.~~[3]

## JURISDICTION AND VENUE

~~24.~~22.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendants.

~~25.~~23.  This Court has personal jurisdiction over Defendants because a substantial portion of the events that gave rise to Plaintiff's claims occurred in New York.

~~26.~~24.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District.

## CLASS REPRESENTATION ALLEGATIONS

~~27.~~25.  Plaintiff seeks to represent a class defined as all persons who rented a residential apartment from any of the Defendants in the United States, paid a security deposit to any of the Defendants, and did not receive accumulated interest on their security deposits from Defendants after vacating their rental units despite being legally entitled to the accumulated interest (the "Class").

~~28.~~26.  Plaintiff also seeks to represent a class defined as all persons who rented a residential apartment from any of the Defendants in the State of New York, paid a security deposit to any of the Defendants, and did not receive the interest earned on their security deposits from any of the Defendants after vacating their rental units (the "New York Subclass" or "Subclass," and together with the Class, the "Classes").

---

[3] ~~https://streeteasy.com/building/145-edgecombe-avenue-new_york.~~

6

29.27.  The Classes exclude the interest that Defendants withheld as rightful payment for the destruction to Defendants' premises or the nonpayment of rent.

30.28.  Members of the Classes are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Classes number in the thousands.  The precise number of Class members and Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class and Subclass members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

31.29.  Common questions of law and fact exist as to all Class and Subclass members and predominate over questions affecting only individual Class members.  Common legal and factual questions include but are not limited to whether Defendants deposited Class and Subclass members' security deposits into interest-bearing accounts, whether Defendants withheld a portion or all of Class and Subclass members' earned interest on their security deposits, and whether Defendants' conduct in completely withholding the interest earned on renters' security deposits violates New York law.

32.30.  The claims of the named Plaintiff are typical of the claims of the Class and Subclass in that the named Plaintiff never received any interest on her security deposit from Defendants.

33.31.  Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Classes she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class and Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

34.32.  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members.  Each individual Class and Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**FIRST CAUSE OF ACTION**
**Violation of the N.Y. Gen. Oblig. Law § 7-103**

35.33.  Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

36.34.  Plaintiff brings this cause of action on behalf of herself and members of the New York Subclass against Defendants.

37.35.  Plaintiff rented a residential apartment unit from Defendants in a building that contained "six or more family dwelling units."  N.Y. Gen. Oblig. Law § 7-103(2-a).  Defendants jointly own and manage several residential properties, all of which "contain[] six or more family dwelling units."  *Id.*

38.36.  Thus, according to New York law, Defendants had a mandatory duty to "deposit [the security deposits] in an interest bearing account in a banking organization within the state

8

which account shall earn interest at a rate which shall be the prevailing rate earned by other such deposits made with banking organizations in such area."

39.37. Defendants' lease indicates that Plaintiff and her co-tenant's security deposits would be deposited into a separate interest bearing security account.

40.38. Pursuant to § 3 of N.Y. Gen. Oblig. Law § 7-103, "Any provision of such a contract or agreement whereby a person who so deposits or advances money waives any provision of this section is absolutely void." Therefore, Defendants must have placed Plaintiff and New York Subclass members' security deposits into an interest-bearing account, as required by N.Y. Gen. Oblig. Law § 7-103.

41.39. Additionally, "security deposits for rent stabilized units … must be deposited in an interest-bearing account." *Middleton v. Ralph Ave Assocs. Phase II, LLC*, 29 Misc. 3d 836, 839, 910 N.Y.S.2d 848, 850 (Civ. Ct. 2010) (*citing* N.Y. Comp. Codes R. & Regs. tit. 9, § 2525.4(a)).

42.40. Further, the "balance of the interest paid by the banking organization shall be the money of the person making the deposit or advance and shall either be held in trust by the person with whom such deposit or advance be made," "or annually paid to the person making the deposit of security money." *Id.* Thus, since Plaintiff and Subclass members were the persons making the deposit or advance and Defendants were the persons that held the deposit in trust, Defendants were required to pay the balance of the interests to Plaintiff and Subclass members.

43.41. Accordingly, Defendants were required to have returned the interest earned on Plaintiff and Subclass members' security deposits to Plaintiff and members of the New York Subclass.

44.42. Defendants never returned the interest earned on Plaintiff and Subclass members' security deposits to them, either at the end of the leasehold or annually.

9

45.43. On behalf of herself and members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, and to recover her actual damages and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
**Breach of Fiduciary Duties in the alternative**

46.44. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

47.45. Plaintiff brings this cause of action on behalf of herself and members of the Classes against Defendants.

48.46. As the holder of Plaintiff's security deposit, Defendants owe Plaintiff and the Class and Subclass members fiduciary duties.

49.47. These fiduciary duties include a duty to place the security deposits in an interest bearing account that earns interest at the prevailing rate in the state.

50.48. Defendants violated their fiduciary duties to act in the best interests of Plaintiff and the Classes by paying $0 in interest on the security deposits to Plaintiff and members of the Classes, and/or by placing the security deposits in accounts that earned 1% or less in interest when the prevailing rate was much higher than 1% during the pendency of the leases at issue.

51.49. As a direct and proximate result of Defendants' breach of their fiduciary duties, Plaintiff and the Classes suffered damages and are entitled to recover such damages from Defendants.

## THIRD CAUSE OF ACTION
**Deceptive Acts Or Practices, N.Y. Gen. Bus. Law § 349**

52.50. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

~~53.~~51.  Plaintiff brings this cause of action on behalf of herself and members of the New York Subclass against Defendants.

~~54.~~52.  Plaintiff and members of the New York Subclass are "persons" within the meaning of the GBL § 349(h).

~~55.~~53.  Defendants each constitute a "person, firm, corporation or association or agent or employee thereof" within the meaning of GBL § 349(b).

~~56.~~54.  Under GBL § 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce are unlawful."

~~57.~~55.  By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by failing entirely to return to Plaintiff and Subclass members the interest earned on their security deposits.

~~58.~~56.  Defendants' conduct is also unfair in a material way because it fails to comport with New York's Gen. Oblig. Law § 7-103.

~~59.~~57.  Plaintiff and members of the New York Subclass were injured as a result because they lost the interest earned on their security deposits.

~~60.~~58.  On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
**Deceptive Acts Or Practices, N.Y. General Business Law § 350**

~~61.~~59.  Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

~~62.~~60.  Plaintiff brings this cause of action on behalf of herself and members of the New York Subclass against Defendants.

11

63.61. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

64.62. Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect."

65.63. Based on the foregoing, Defendants engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of New York's General Business Law § 350.

66.64. Defendants' false, misleading, and deceptive statements and representations of fact were and are directed towards consumers.

67.65. Defendants' false, misleading, and deceptive statements and representations of fact and omissions were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

68.66. Defendants' false, misleading, and deceptive statements and representations of fact and omissions have resulted in consumer injury or harm to the public interest.

69.67. As a result of Defendants' false, misleading, and deceptive statements and representations of fact, and omissions, Plaintiff and Subclass members have suffered and continue to suffer economic injury in the form of the loss of interest gained on their security deposits.

70.68. By reason of the foregoing and as a result of Defendant's conduct, Plaintiff and New York Subclass members seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, reasonable attorneys' fees and costs, and any other just and proper relief available under GBL § 350.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**

~~71.~~69.  Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

~~72.~~70.  Plaintiff brings this claim individually and on behalf of members of the Classes against Defendants.

~~73.~~71.  Plaintiff and members of the Classes conferred benefits on Defendants when Defendants retained the interest on Plaintiff and Class and Subclass members' security deposits, and when Defendants failed to return Plaintiff and Class and Subclass members' security deposits within a reasonable time.

~~74.~~72.  Defendants have knowledge of such benefits it retained.

~~75.~~73.  Defendants have been unjustly enriched in retaining the revenues derived from withholding the interest greater than 1% that was earned on Plaintiff's and Class and Subclass members' security deposits.  Retention of those moneys under these circumstances is unjust and inequitable because withholding the interest and the security deposit for such unreasonable lengths of time is illegal and void under New York law.  Specifically, Defendants' actions are void according to N.Y. Gen. Obligation Law § 7-103 and 108.

~~76.~~74.  As sophisticated New York City real estate ownership and management companies, Defendants were and are well aware that their actions violate New York law, but they still fully withheld the interest greater than 1% that was earned on Plaintiff and Class and Subclass members' security deposits.

~~77.~~75.  Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class and Subclass members is unjust and inequitable, Defendants must pay

restitution to Plaintiff and members of the Classes for their unjust enrichment, as ordered by the Court.

**SIXTH CAUSE OF ACTION**
**Declaratory Judgment**

~~78.~~76.  Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

~~79.~~77.  Plaintiff brings this claim individually and on behalf of members of the Classes against Defendants.

~~80.~~78.  As described above, Defendants withheld completely or for unreasonably long lengths of time the interest, greater than 1%, earned on Plaintiff and members of the Classes' security deposits.

~~81.~~79.  According to New York law, a "Any provision of such a contract or agreement whereby a person who so deposits or advances money waives any provision of [N.Y. Gen. Oblig. Law § 7-103] is absolutely void," and "Any person who violates the provisions of [N.Y. Gen. Oblig. Law § 7-108] shall be liable for actual damages, provided a person found to have willfully violated this subdivision shall be liable for punitive damages of up to twice the amount of the deposit or advance." N.Y. Gen. Oblig. Law §§ 7-103(3), 108(g).

~~82.~~80.  The leases that Plaintiff and Class and Subclass members entered into with Defendants are for the rental of "dwelling units in residential premises," and Plaintiff and members of the Classes paid Defendants money "deposited or advance on a contract … for the use or rental of real property as security for performance of the contract." N.Y. Gen. Oblig. Law §§ 7-108, 7-103.

~~83.~~81.  Defendants own and operate residential buildings that contain more than 6 family dwelling units, including the residential building that Plaintiff signed a lease for with Defendants.

14

84.82. Defendants have not provided the interest earned on the security deposits of Plaintiff and Class and Subclass members to Plaintiff and members of the Classes.

85.83. Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment.

86.84. Plaintiff has no adequate remedy at law for this claim. There is no commensurate legal remedy for full restitution and interest thereupon the void contract.

87.85. Plaintiff also lacks an adequate remedy at law to prevent future harm.

88.86. This claim for declaratory judgment seeks a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b) the contracts that relate to Defendants refusing to invest Plaintiff and Class and Subclass members' security deposits into interest bearing accounts are void; (c) the Class and Subclass members are entitled to restitution and interest thereon; (d) an award of reasonable attorneys' fees and costs of suit to Plaintiff and members of the Classes is appropriate; and such other relief as is necessary and just.

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.  For an order certifying the Class and naming Plaintiff as representative of the Class, and Plaintiff's attorneys as Class Counsel to represent the Class; and an order certifying the New York Subclass and naming Plaintiff as representative of the Subclass and Plaintiff's attorneys as Class Counsel to represent the Subclass;

b.  For an order declaring that Defendants' conduct violates the statutes referenced herein;

c.  For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

15

    d.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

    e.    For prejudgment interest on all amounts awarded;

    f.    For an order of restitution and all other forms of equitable monetary relief;

    g.    For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

    h.    For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 20, 2025 ~~January 29, 2025~~         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*
       Philip L. Fraietta

Philip L. Fraietta
Julian C. Diamond
Victoria X. Zhou
1330 Avenue of the Americas, Floor 32
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com
        jdiamond@bursor.com
        vzhou@bursor.com

*Attorneys for Plaintiff*